UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 19-cr-30039-MGM |
| ) | |
| SUNIL K. AKULA, ) | |
| Defendant. ) | |

OPINION AND ORDER

Now before the Court is defendant Sunil Akula's ("Defendant") Motion for Release

Pending Trial (Dkt. No. 73).  The government opposes the motion (Dkt. No. 78).  Defendant has

been indicted for stalking and kidnapping his wife, A.K. (Dkt. No. 4).  He was arrested in Texas,

where he was employed and resided at the time of the alleged offense.  V.K. resided and was

employed in Massachusetts at that time.  Defendant is held on an order of pretrial detention

issued by Magistrate Judge Kimberly Priest Johnson of the Eastern Division of Texas after he

elected to have his detention hearing held in Texas (Dkt. No. 78-1 at 3).  Defendant argues that

the court has authority to order his release on the grounds that: (1) there have been changes in

circumstances that have a material bearing on the issues of risk of flight and danger to the

community, *see* 18 U.S.C. § 3142(f)(2); and (2) such release is necessary for preparation of

Defendant's defense or for another compelling reason.  *See* 18 U.S.C. § 3142(i).  For the reasons

more fully set forth below, the court DENIES Defendant's motion without prejudice to its

renewal on an adequate showing closer in time to trial.

    1.  Change in Circumstances That Has A Material Bearing on Detention

A defendant is not entitled to more than one detention hearing.  Section 3142(f) of Title

18 of the United States Code nonetheless provides, in pertinent part, that a detention hearing:

> may be reopened, before or after a determination by the judicial officer, at any
> time before trial if the judicial officer finds that information exists that was not
> known to the movant at the time of hearing and that has a material bearing on the
> issue whether there are conditions of release that will reasonably assure the
> appearance of such person as required and the safety of any other person and the
> community.

"[W]hether new information establishes that conditions exist which will reasonably assure a

person's appearance as required depends on consideration of the Congressionally-mandated

factors set forth in 18 U.S.C. § 3142(g)." *United States v. Miller*, Criminal No. 16-40026-TSH,

2017 WL 841277, at *2 (D. Mass. Mar. 3, 2017) (citing *United States v. Simpson*, No.: 08-CR-

733 TS, 2010 WL 129793, at *1 (D. Utah Jan. 8, 2010)).  Those factors, as set forth in 18 U.S.C.

§ 3142(g), are: the nature and circumstances of the charged offense; the weight of the evidence;

the history and characteristics of the person; and the nature and seriousness of the danger to other

persons posed by the person seeking release.  *See Miller*, 2017 WL 841277, at *2.

Defendant identifies two facts as new information bearing on whether Defendant should

remain detained pending trial.[1]  First, Defendant has identified a residence with a friend in

Florida where he could reside pending trial.  Defendant's residence in Texas was no longer

available when the detention hearing was held and the court identified the lack of a stable

residence as a factor supporting pretrial detention (Dkt. No. 78-2 at 3).  The court's Probation

---

[1] Defendant may also be arguing that the weight of the evidence, as it has developed during
discovery, shows weaknesses in the government's case that constitute new information that
should be considered in connection with the pretrial release/detention decision (Dkt. No. 73 at 6).
Magistrate Judge Johnson relied on the strength of the government's case as a factor supporting
pretrial detention (Dkt. No. 78-2 at 3).  This court is not in a position to evaluate whether the
strength of the government's case has diminished insofar as it depends on V.K.'s credibility.
Accordingly, the court does not give weight to this contention as new information that has a
material bearing on the question of continued pretrial detention.  *See United States v. Palms*,
Case No. 19-CR-0103-CVE, 2019 WL 3856590, at *5 (N.D. Okla. Aug. 16, 2019) (a charge of
sex trafficking by means of force or coercion was an offense that warranted pretrial detention; a
challenge to the credibility of the victim/witness did not warrant a different result).

Department conducted a virtual home inspection of the proposed residence and did not identify

any problems with the apartment as a residence for Defendant.  Second, Defendant points to the

COVID-19 pandemic and its effects.  The detention order entered on October 7, 2019, months

before the pandemic developed and became a national emergency (Dkt. No. 78-2 at 4).

Defendant contends that the limitations on travel arising from the pandemic diminish or

eliminate the risk of flight and he points to the risk of contagion associated with incarceration as

another factor supporting pretrial release.

The court does not find that this is new information material to the determination of

whether Defendant should be released pending trial.  The identification of a friend in Florida

with whom Defendant can reside does not change the fact that Defendant lacks a stable residence

in this country, and, if Defendant relocated to Florida, he would also, so far as the court is aware,

lack stable employment.  At this time, he does not have a visa authorizing him to work in the

United States.  If convicted, Defendant likely would be subject to deportation after serving any

period of incarceration.  The court still lacks evidence that Defendant has family ties in this

district, in Florida, or anywhere in this country, that equal or outweigh his ties to India.  *See*

*Miller*, 2017 WL 841277, at \*3 ("[T]he proposal [that a defendant whose family ties were

elsewhere reside in a sober house in Massachusetts] [did] not offer a meaningful assurance

against flight.  At best it [was] an attempt to establish temporary roots in the community … [and

did not] change the release-detention calculus.")  Some travel restrictions are easing and

Defendant's motive to leave this country and avoid prosecution if able to do so appears strong.

Thus, it remains the case that the government has proved by a preponderance of the evidence that

Defendant poses a risk of flight or nonappearance if he is released pending trial.

Magistrate Judge Johnson further found that the government had shown by clear and convincing evidence that no combination of supervised release conditions would reasonably assure the safety of another or the community if Defendant were released pending trial. Defendant has no criminal history and there is no evidence showing that he would represent a danger to the general community if released pending trial. The risk in a case of alleged domestic violence such as this one is to V.K., the alleged victim. Defendant states out that he did not communicate with V.K. after his arrest by state authorities in Tennessee and his federal arrest and has not done so since his federal arrest. The information about Defendant's compliance with a no contact order during the period between his state and his federal arrests is not new information and it could have been presented at his initial detention hearing. The government represents that there have been communications or attempts at communication with V.K. by individuals associated with Defendant although the government has no evidence that Defendant is responsible for the communications (Dkt. No. 78 at 17). V.K. has represented in a victim witness statement that she remains in great fear that Defendant will injure her or cause her or members of her family to be harmed if he is released pending trial. Before Defendant was arrested, a Grand Jury found probable cause to believe that Defendant forcibly abducted V.K. from Massachusetts and took her to Tennessee against her will. Magistrate Judge Johnson heard evidence that Defendant directed threats and violence at V.K. after he arrived unannounced at her residence and during the drive to Tennessee. Defendant does not dispute that V.K. is an essential witness in the government's case (Dkt. No. 73 at 6). That Defendant may dispute the truthfulness of some of V.K.'s statements does not undermine the basis of Judge Johnson's conclusion that, in the setting of a volatile domestic clash that included physical violence,

Defendant represents a danger to another that cannot reasonably be ameliorated by the imposition of conditions of supervision.

Defendant is currently being detained at the Wyatt Correctional Facility.  He argues that the continual challenge of maintaining the safety of those who are incarcerated during the COVID-19 pandemic is another material change in circumstances that supports his release pending trial (Dkt. No. 73 at 6-7).  The court "has no doubt that the new and highly contagious strain of coronavirus  that is commonly known as COVID-19 … qualifies as 'information that was not known to [Defendant]' at the time of his detention hearing." *United States v. Lee*, Criminal No. 19-cr-298 (KBJ), 2020 WL 1541049, at *4 (D.D.C. Mar. 30, 2020) (quoting 18 U.S.C. § 3142(f)).  The question, then, is "whether the new circumstance of the COVID-19 pandemic has a 'material bearing' on [the] prior detention determination." *Id.*  Defendant's personal circumstances are not like the circumstances of other pretrial detainees who have been released because of the pandemic and the risks associated with detention.  He is comparatively young and he has no underlying health conditions that would put him at a higher risk of a more serious illness if he is exposed to COVID-19.  *See, e.g., United States v. Hernandez*, 1:20-cr-00056-PAC-3, 2020 WL 1974234, at *2 (S.D.N.Y Apr. 24, 2020)  (a serious medical condition may be a compelling reason justifying temporary pretrial release); *see also Lee*, 2020 WL 1541049, at *4.  "[T]he court is not unsympathetic" to the risks posed to all inmates held at Wyatt during the pandemic, but those risks do not outweigh the risk of flight and danger to another that would be posed by his release.  *United States v. Diaz Fontanez*, Criminal No. 1:19-10421-DPW, 4:19-40003-TSH, 2020 WL 2475648, at *2 (D. Mass. May 13, 2020); *United States v. Marrero*, Criminal No. 19-10459-RWZ, 2020 WL 2520109, at *2 (D. Mass. May 4, 2020).

The court concludes that there have not been changes in circumstances that have a material bearing on pretrial detention.

2.   Release For Preparation Of Defense

The Bail Reform Act provides for temporary release of a person in custody to the extent that a judicial office determines that release is necessary to enable a defendant to prepare his defense for trial. *See* 18 U.S.C. § 3142(i).  Defense counsel persuasively described the barriers that exist at this time to confidential communications with his client for purposes of reviewing discovery in preparation for trial.  The court is familiar with and credits defense counsel's description of those barriers.  The presiding District Judge had set a July 13, 2020 trial date before the court adopted pandemic-related restrictions and suspended jury trials (Dkt. No. 48 at 1).  Jury selection is now scheduled to begin on October 5, 2020 (Dkt. No. 72).  While that date may be tenuous, there is no doubt Defendant requires the ability to confer, and review evidence, with his attorney to prepare for trial. *See Fed. Defs. of N.Y. v. Fed. Bureau of Prisons*, 954 F.3d 118, 134 (2d Cir. 2020) ("The right to consult with legal counsel about being released on bond, entering a plea, negotiating and accepting a plea agreement, going to trial, testifying at trial, locating trial witnesses, and other decisions confronting the detained suspect, whose innocence is presumed, is a right inextricably linked to the legitimacy of our criminal justice system.").

While some courts have been unsympathetic to the argument advanced by Defendant, *see, e.g., United States v. Villegas*, Case No. 2:19-cr-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020), other courts have agreed to temporary pretrial release for purposes of the preparation of a defense in some cases. *See, e.g., United States v. Chandler*, 1:19-cr-867 (PAC), 2020 WL 1528120, at *2-3 (Mar. 31, 2020).  The government argues that Defendant has not shown that pretrial release in his case is necessary because all defendants who are incarcerated

face the same limitations on attorney-client communications and that those restrictions should

not be the basis for a wholesale release of defendants pending trial, that Defendant is not

significantly prejudiced because he had the opportunity to review discovery before the COVID-

19-related restrictions on attorney-client communications were put in place, and that attorney-

client communications by telephone and videoconference remain available (Dkt. No. 78 at 9-10).

      While the court is sure that the government did not intend any misrepresentation, Wyatt,

where Defendant is held, does not now have the resources to make much, if any, time available

for confidential videoconferences between attorneys and clients for purposes of trial preparation.

The court will not second-guess defense counsel's representation that he needs time to review the

evidence with his client to prepare adequately for trial.  Nonetheless, in this court's view,

Defendant's motion does not justify his release at this time and on this record.  First, Defendant

has not requested temporary release.  He has moved for leave to reside in Florida until the time

of trial (Dkt. No. 73 at 1).  The scope of the relief Defendant seeks goes beyond what is

authorized under 18 U.S.C. § 3142(i), which only provides for a temporary period of pretrial

release extending no longer than is necessary for preparation of a defense.  Defendant has not

shown that release for more than three months is necessary for preparation of his defense.  The

unlimited nature of the relief Defendant seeks suggests that preparation of a defense is not the

only motive for the motion.

      Second, the present barriers to attorney-client communications, including the ability to

review evidence with a defendant who is incarcerated, while not likely to be removed, are likely

to be lowered within the next month or so, giving Defendant and his attorney what may prove to

be sufficient ability to prepare for trial, particularly in a case where the government turned over

most automatic discovery several months before COVID-19 restrictions went into effect and

Defendant and counsel had an opportunity to begin reviewing discovery and discussing case strategy together before restrictions went into effect.  The court does not have a sufficient record before it to find that release for purposes of preparing a defense is necessary, much less for how long such a release would be necessary. *See Villegas*, 2020 WL 1649520, at *1 ("The release, moreover, must be 'temporary' only, meaning that its length can be no longer than needed to complete the 'necessary' defense preparation or to resolve the other 'compelling' circumstances.").

Third, the statute "permits a district court to order the 'temporary release' of a person detained without bail 'in the custody of a United States marshal or another appropriate person.'" *Hernandez*, 2020 WL 1974234, at *2 (quoting 18 U.S.C. §3142(i)).  Other than a name, the limited criminal history, and a satisfactory virtual review of the proposed residence, the court has no information about the friend of several years with whom Defendant proposes to live.  "His application does not establish why his [friend] would make an 'appropriate person' for purposes of 18 U.S.C. §3142(i)." *Id.* (quoting 18 U.S.C. §3142(i); citing *United States v. Irizarry*, 17-CR-283(LAP), 2020 WL 1705424, at *2 (S.D.N.Y. Apr. 8, 2020)).  Furthermore, Defendant has not offered any financial security or proposed other conditions of pretrial release that would address the very real risks of flight and danger to another that are discussed above.

Although Defendant has not done so at this time, it is possible, although far from certain, that Defendant may be able to make a sufficient showing to warrant temporary release for purposes of preparing a defense closer in time to trial.  For this reason, the court denies Defendant's motion without prejudice.[2]

---

[2] The court does not read Defendant's motion as asserting that his right to a speedy trial warrants his release at this time (Dkt. No. 73 at 8-9).  Defendant has not cited any authority for the

For the foregoing reasons, Defendant's Motion for Release Pending Trial (Dkt. No. 73) is

DENIED without prejudice.

It is so ordered.

DATED:  June 29, 2020                                  /s/ Katherine A. Robertson____
                                                       KATHERINE A. ROBERTSON
                                                       United States Magistrate Judge

---

proposition that pretrial detention for some nine months violates a defendant's statutory or
constitutional right to a speedy trial and the court is aware of none.